IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 2:08-CR-4-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JERVON WONDELL McGILBERRY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for early termination of supervised release (DE 111). The government has responded in opposition. For the following reasons, the motion is denied.

## BACKGROUND

On January 7, 2009, defendant pleaded guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The court subsequently sentenced defendant to 124 months' imprisonment, 5 years' supervised release, and a $100 special assessment. On April 15, 2016, defendant was released from imprisonment and began serving his term of supervised release. Defendant filed the instant motion seeking early termination of supervised release on February 25, 2019. Defendant requests early termination of supervised release because he has complied with all conditions of supervised release, secured gainful employment, started his own business, and mentored former prisoners recently released from incarceration.

## COURT'S DISCUSSION

The court may terminate a term of supervised release after the defendant serves one year of supervised release, "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" and after consideration of the relevant factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(1). "The phrase 'the interest of justice' does give the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999).

Here, defendant was convicted of a serious drug trafficking offense, and after consideration of the relevant § 3553(a) factors, the presentence investigation report, and the advisory sentencing guidelines, the court sentenced him to a five-year term of supervised release. Defendant's criminal history at time of sentencing included three felony drug convictions and two revocations of probation. The presentence investigation report also found defendant had a history of drug abuse. In light of defendant's prior supervision failures, criminal history, and historical issues with substance abuse, the court finds early termination of supervised release would not promote the goals of sentencing set forth in § 3553(a). See id. (holding district court properly considered circumstances of the governing offense, criminal history, and past substance abuse problems when denying motion for early termination of supervised release). Defendant's post-sentencing compliance with the terms of supervised release, while laudable, does not justify early termination of supervised release in these circumstances.

The court, however, commends defendant for his record of achievement while in custody and on supervised release, as reflected in the instant motion and the government's response. Defendant

was not charged with a disciplinary infraction while in BOP custody, secured full-time employment upon release from incarceration, has not tested positive for illicit substances, and has started his own business. The court also commends defendant for his efforts to mentor former prisoners who have been released from incarceration. Defendant's reported performance while incarcerated and on supervised release is consistent with the court's expectations at time of sentencing, and the court strongly encourages defendant to continue his rehabilitation efforts.

## CONCLUSION

Based on the foregoing, defendant's motion for early termination of supervised release (DE 111) is DENIED.

SO ORDERED, this the 18th day of March, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge